JOSEPH S. PAXSON, Petitioner, v. HENRY M. HALE, Auditor, Respondent.

No. 1514; April 5, 1869.

No. 1514.

Municipal Corporations—Allowance of Claims.—The Auditor of San Francisco must, before allowing a claim, satisfy himself not only that "the money is legally due and remains unpaid," but also that "the payment thereof from the treasury of the city and county is authorized by law, and out of what fund."

Municipal Corporations—Salary of Fund Commissioners.—Unless the provision in Statutes of 1861, section 1, page 554, making the salaries of fund commissioners "full compensation for all official services required of them by law" refers to services not merely ex officio, there is no authority for these commissioners to be paid at all.

Mandamus from San Francisco County.

Haight & Temple for petitioner.

See preceding case,

SAWYER, C. J.—The petitioner, Paxson, is treasurer, and ex officio one of the fund commissioners of the city and county of San Francisco, under the act of 1855. He asks for a peremptory mandate to require the respondent, who is auditor of said city and county, to audit and allow a claim for salary, as one of said fund commissioners under said act, which provides that the said commissioners shall receive twelve hundred dollars each per annum for their services as such funding commissioners.

Whatever the rights of the petitioner might have been under this act, had not the Consolidation Act been subsequently passed, we do not see how he can be entitled to the writ sought, in view of the provisions of the eleventh, eighty-second and eighty-fourth sections of that act. The eighty-second section provides in express terms that: "No payment can be made from the treasury, or out of the public funds of said city and county unless the same be specifically authorized by this act." It is not pretended, as we understand counsel, that the salary claimed is "specifically authorized" to be paid "from the treasury, or the public funds of the city and county," by any provisions in "this act." Sundry moneys authorized to be paid by the act are specifically enumerated, but this is not one of them, unless it is embraced in the provision the "treasurer, assessor, etc., shall continue to receive for their official services, such fees and compensation as are now, or may be hereafter allowed by law." If it be conceded that this clause embraces the compensation authorized by prior acts to be paid to the party holding the office of treasurer, as salary for his services as fund commissioner, then his salary as fund commissioner is provided for in the Consolidation Act under his official name and designation of treasurer, and is authorized to be paid out of the treasury. But if provided for under this name, then the subsequent acts of 1857 and 1861, changing and limiting the compensation of the treasurer, must also be regarded as embracing under that name his compensation as fund commissioner, and there is nothing left for him to stand upon; for, by those acts, he is to receive a fixed sum, "as in this act provided and not otherwise, and shall be in full compensation for all official services required of him by law": Laws 1861, p. 554, sec. 1. See, also, Laws 1857, p. 212, sec. 4. Hence the petitioner is obliged to

maintain that his salary as fund commissioner is not touched by the provision of the Consolidation Act prescribing the compensation of treasurer. But in avoiding Scylla, he falls into Charybdis, for while the salary of treasurer and other city officers is provided for, nothing is said about the salary of fund commissioners, and there is nothing in the act specifically authorizing the payment of such salaries. The claim rests upon the prior act alone. Besides, section 11 of the Consolidation Act, as it originally stood, provides that, "No fees or compensation, other than, as expressly allowed in this act, shall be received by any officer of the said city": Laws 1856, p. 148, sec. 11. And the amendment of 1857 also provides that, "No fees or compensation, to be paid out of the city and county treasury, other than as expressly allowed in this act, shall be allowed or received by any officer .of said city and county": Laws 1857, p. 212, sec. 4. If the treasurer, in the character of fund commissioner, is to be regarded as holding a distinct office, he is not mentioned as such in the act, and his compensation in that character is not "expressly allowed in this act." If he is a city officer, then, within the meaning of the term as used in the act, he comes within the terms, "any officer" by whom no fees or compensation shall be received under the express provision of the act, because none is expressly allowed to him in this act, unless allowed under the name of treasurer; and if allowed under this name, as we have before seen, his salary by that name is limited to four thousand dollars. If not a city officer within the meaning of that term as used, then certainly no payment of compensation is "specifically authorized by this act," and, as we have before seen, the case falls within the prohibition of section 82. In either case the payment is prohibited.

The provisions of the Consolidation Act, being subsequent, must govern, so far as the payment of money out of the treasury is concerned, and under its provisions the claim in question cannot be paid out of the treasury, for not being specifically authorized by the provisions of the act payment is expressly prohibited. No subsequent act has been brought to our notice removing this prohibition. Under section 84, the auditor, before he can allow a claim, is not only required to satisfy himself "whether the money is legally due and remains unpaid," but also "whether the payment thereof from the

treasury of the city and county is authorized by law, and out of what fund. Now, since "no payment can be made from the treasury, or out of the public funds of said city and county, unless the same be specifically authorized by this act," and since the payment of the salary claimed is not "specifically authorized by this act," the auditor could not satisfy himself of the existence of the required facts, and he was, therefore, not authorized to audit the demand. The court will not by its mandate, compel him to do that which the law does not authorize or permit him to do.

It either must have been the intention of the legislature in passing the Consolidation Act to provide, by the terms used, compensation for all acts cast upon the various city officers by law, whether holding one office, or acting ex officio in others, or there was causus omissus in not excepting the compensation of the fund commissioners from the prohibitory clause, and authorizing the city officers to allow and pay it. If the latter is the true solution, the express prohibition nevertheless applies to it; if the former, then subsequent acts have taken away the compensation. Upon a comparison of the several sections of the Consolidation Act, we, upon the whole, think the object was to cover every charge intended to be paid out of the city treasury: People ex rel. Hunt v. Board of Supervisors, San Francisco, 28 Cal. 430.

We think the writ should be denied.

I concur: Rhodes, J.